## Appeal of NORWOOD, CALEF & CO.          Docket No. 9.

A taxpayer who did not claim a deduction in its original return for 1918 on account of the exhaustion of its patents due to the fact that it had claimed in its 1917 return what was considered a sufficient deduction therefor is not, if a portion.of the deduction claimed in the 1917 return is disallowed, deprived of the right at a subsequent time to claim a reasonable deduction on that account for 1918.

Submitted November 11, 1924; decided December 29, 1924.

*W. Sidney Felton, Esq.*, for the taxpayer.

*A. Calder Mackay, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, and TRAMMELL.

The petition assigns two errors alleged to have been committed by the Commissioner in determining the tax liability of the taxpayer. One of the errors related to the fiscal year ended June 30, 1917.

The other was alleged to have been committed in adjusting the 1918 tax liability. It appears, however, that the error complained of with reference to the fiscal year ended June 30, 1917, was that the Commissioner had erred in denying its claim for refund for that year. The appeal in that respect was abandoned.

With respect to the fiscal year ended June 30, 1918, the deficiency is due to the disallowance by the Commissioner of any deduction on account of the depreciation of its patents for that fiscal year for the reason that no deduction on account thereof was claimed in its original return.

### FINDINGS OF FACT.

During the taxable period involved the corporation owned patents as follows:

One acquired in 1913 at a cost of $3,750, which had a remaining life at that time of 11 years; two acquired in 1913 at a total cost of $1,250, which had a remaining life at that time of 16 years, and another acquired in 1913 at a cost of $348.91, which had a remaining life at that time of 17 years. All patents involved were acquired subsequent to March 1, 1913.

At the end of its fiscal year 1917 the taxpayer set up a reserve of 50 per cent of the book value of its patents and claimed that amount as a deduction on account of the wear, tear, and exhaustion thereof in determining its income tax liability for that fiscal year. The Commissioner disallowed so much of the deduction as was in excess of depreciation taken upon a straight-line basis. The taxpayer has not appealed from that disallowance. It claimed no deduction on account of the wear, tear, and exhaustion of its patents upon its original return for the fiscal year 1918, but subsequently claimed a deduction on that account for that year in connection with the audit of its income tax returns by the Commissioner.

### DECISION.

The deficiency, if any, for the fiscal year 1918 should be redetermined in accordance with the following opinion. Final determination will be settled on consent or on seven days' notice in accordance with Rule 50.

### OPINION.

TRAMMELL: The taxpayer did not claim on its 1918 return a deduction for the exhaustion of its patents because it had taken what it considered a sufficient deduction in 1917 to cover both 1917 and 1918. It acted on the assumption that the deduction claimed in its 1917 return would be allowed. The disallowance of such an amount for 1917 as was in excess of depreciation on a straight line basis put the taxpayer in an entirely different situation. Such disallowance, after its 1918 return had been filed, left the taxpayer with no allowance in that return for a deduction on account of the exhaustion of its patents which it had sustained during that year. The taxpayer clearly recognized that its patents were subject to exhaus-

tion as indicated by the fact that it charged off an amount in 1917 which it considered sufficient for that year as well as for 1918.

The principle contended for by the Commissioner that a taxpayer has an option to take a deduction on account of the exhaustion of patents which must be exercised at the time of the filing of the original return, is not involved in this case for the reason that such rule, if it exists, can not apply to a situation in which the Commissioner by his own act of disallowance in one year has caused the taxpayer to make the claim in a subsequent year.